[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANTS' MOTION TO DISMISS (No. 103)
I. INTRODUCTION.
Barbara Smith, the plaintiff herein, claims that she has been wrongly denied a promotion by the defendant State Department of Social Services ("Department"). She originally commenced an administrative action against the Department in the Connecticut Commission on Human Rights and Opportunities ("CHRO"). The CHRO subsequently released its jurisdiction in the matter. Smith then filed an eight-count complaint in this court against four different defendants. Because of the complexity of her complaint, the motion to dismiss now before the court requires a detailed discussion.
Smith, representing herself, filed her complaint in the CHRO on October 9, 1996. The Department was the sole respondent. Smith's administrative complaint alleged four causes of action: Conn. Gen. Stat. §§ 46a-60
(a)(1) 46a-70 (a); Title VII of the Civil Rights Act,42 U.S.C. § 2000e; and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621-34. On February 24, 2000, the CHRO released its jurisdiction over Smith's complaint and authorized her "to commence a civil action against the Respondent in the Superior Court."
Smith commenced her judicial action by service of process on May 25, 2000. She is the sole plaintiff. There are four defendants: the Department, Mark Schwartz, Carol Quinn, and Brian Belanger. The individual defendants are Department employees who interviewed Smith in the course of the promotion process. Smith's complaint, as mentioned, consists of eight counts: Count One alleges a violation of Title VII; Count Two alleges a cause of action under 42 U.S.C. § 1983; Count Three alleges race discrimination in violation of Conn. Gen. Stat. §46a-60 (a)(1); Count Four alleges a violation of the Age Discrimination Act of 1967; Count Five alleges age discrimination in violation of Conn. Gen. Stat. § 46a-60 (a)(1); Count Six alleges a violation of the guarantee of equal employment set forth in Conn. Gen. Stat. § 46a-70; CT Page 13470 Count Seven alleges a breach of the covenant of good faith and fair dealing; and Count Eight alleges the intentional infliction of emotional distress.
The motion to dismiss now before the court was filed on August 23, 2000. The motion attacks counts Two, Three, Four, Five, Seven, and Eight on a variety of theories. The motion does not attack Counts One and Six. Smith concedes that the motion should be granted as to Count Four. The Counts in dispute are thus Counts Two, Three, Five, Seven, and Eight. The motion was argued on October 1, 2001. The Counts in dispute will be addressed in turn.
II. COUNT TWO.
The motion to dismiss contends that Count Two, an action brought pursuant to 42 U.S.C. § 1983, is precluded by the doctrine of sovereign immunity. The court's decision on this count is governed byAlden v. Maine, 527 U.S. 706 (1999). Alden holds that "the powers delegated to Congress under Article I of the United States Constitution do not include the power to subject nonconsenting States to private suits for damages in state courts." Id. at 712. Alden's rule extends not just to States themselves but to "arm[s] of the State." Id. at 756. The Department is plainly an arm of the State for purposes of this doctrine. Neither the State nor the Department have consented to the § 1983 action asserted in Count Two. (The CHRO's release of jurisdiction consents to some of the causes of action set forth in Smith's complaint but not this one.) Count Two's claim against the Department is thus precluded by Alden v. Maine.
The claim against the individual defendants in Count Two must be analyzed separately. Two possible jurisdictional bases for the claim against these defendants must be discussed. First, Alden recognizes that its rule "does not bar certain actions against state officers for injunctive or declaratory relief." 527 U.S. at 757. Smith claims injunctive relief in her complaint. She has not, however, named as an individual defendant any state officer (such as the Commissioner) who could afford such relief. Smith conceded at argument that none of the individual defendants named here can provide her with the equitable relief (i.e. the promotion) that she seeks. Her suit, consequently, does not qualify for the injunctive relief exception to Alden.
Alden additionally explains that, under its rule, "a suit for money damages may be prosecuted against a state officer in his individual capacity for unconstitutional or wrongful conduct fairly attributable to the officer himself, so long as the relief is sought not from the state treasury but from the officer personally." 527 U.S. at 757. While Smith's CT Page 13471 complaint is somewhat vague on this point, the tenor of that complaint is that she seeks back pay from the state treasury rather than an award of compensatory damages from the individual defendants. Smith did not challenge this characterization at argument. Thus, her suit does not qualify for the individual capacity exception to Alden.
For the reasons stated above, the motion to dismiss Count Two must be granted.
III. COUNTS THREE FIVE.
Counts Three and Five, both of which state claims under Conn. Gem. Stat. § 46a-60 (a)(1), can be considered together. The motion to dismiss directed at these counts claims nonexhaustion of administrative remedies. The problem in each count is that Smith's CHRO complaint was directed exclusively at the Department. Smith concedes that she did not bring an administrative action against any of the individual defendants. (Because Smith did bring an administrative action against the Department and proceeded to exhaust that remedy, the motion to dismiss does not attack her claim against the Department under Counts Three and Five.)
It is common ground that this court's analysis is governed by Malaskyv. Metal Products Corp., 44 Conn. App. 446, 689 A.2d 1145, cert denied,241 Conn. 906, 695 A.2d 539 (1997). Malasky applies to CHRO proceedings the exhaustion requirement that federal courts have long used with respect to proceedings before the Equal Employment Opportunities Commission (EEOC). 44 Conn. App. at 454. It explains that:
 Generally, an action under Title VII can proceed only against those individuals named as respondents in the complaint filed with the EEOC. . . . The purpose of the exhaustion requirement is to provide notice to those alleged to have committed the violations and to provide an opportunity for the parties to comply voluntarily with the requirements of Title VII. . . . A limited exception to the exhaustion requirement permits an action against a party not named as a respondent in the EEOC complaint if the underlying dual purposes of the exhaustion requirement are otherwise satisfied. . . . Specifically, the factors to be considered under this exception are 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the CT Page 13472 purposes of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.
Id. at 453-54. (Internal quotation marks and citations omitted.) An analysis of the four Malasky factors as applied to this case yields mixed results.
(1) Smith was well aware of the role of the individual defendants at the time she filed her CHRO complaint. These are the very individuals she alleges to have interviewed her.
(2) The interests of the Department were sufficiently similar to those of the individual defendants that for purposes of obtaining voluntary conciliation and compliance it would have been unnecessary to include those individuals in the CHRO proceedings. The individuals named as defendants do not have a policy making role. It is common ground that they lack the power to give Smith the promotion that she seeks. For purposes of voluntary conciliation and compliance there would have been no reason for Smith to include them in her administrative complaint. There would have been no point in bringing an administrative claim against the individual defendants for monetary damages, since the only monetary relief that the CHRO is statutorily empowered to award is back pay.Bridgeport Hospital v. Commission on Human Rights Opportunities,232 Conn. 91, 102, 653 A.2d 782 (1995). (In any event, as already discussed, the only monetary relief that Smith seeks in the case now before the court is funds from the state treasury.)
(3) The absence of the individual defendants from the CHRO proceedings did not result in actual prejudice to their interests. The individual defendants do not argue that they were unaware of the CHRO proceeding and thus, because of the delay, lost the opportunity to gather evidence. The individual defendants suggested at argument that, had they been named as defendants in the CHRO proceedings, they might have been able to settle the administrative charges against them for modest amounts of money, but this argument rests entirely on speculation. Litigants can, of course, settle their cases in any procedural context, but there is no reason in principle that cases brought in the Superior Court cannot be settled as expeditiously as cases brought in the administrative arena. As is very well known, the Superior Court encourages the prompt settlement of cases. The amount for which a case is settled depends on the merits of CT Page 13473 the case rather than the tribunal before which it is brought.
(4) Smith does not contend that the individual defendants have made any representation to her.
The four Malasky factors are thus evenly split. Although this is, by virtue of that very fact, a close case, the benefit of the tie here ought to go to Smith. Malasky explains that "[t]he purpose of [the] exhaustion requirement is to provide notice to those alleged to have committed the violations and to provide an opportunity for the parties to comply voluntarily with the requirements of [the Human Rights and Opportunities statutes]." 44 Conn. App. at 453. The individual defendants here do not complain of lack of notice, and it is difficult to see how including them in the CHRO proceedings could have provided them with an opportunity to comply voluntarily with the statutory requirements in question. The dual purposes of the exhaustion requirement having been satisfied, the motion to dismiss must be denied with respect to Counts Three and Five.
IV. SEVEN EIGHT.
Counts Seven and Eight can also be considered together. Smith claims these counts only as to the three individual defendants. It is common ground that the individual defendants are immune from personal liability for damage "not wanton, reckless or malicious" caused in the discharge of their duties or within the scope of their employment. Conn. Gen. Stat. § 4-165. While both counts allege recklessness and malice, neither count alleges facts that reasonably support this conclusory allegation. Our Supreme Court has recently explained that, "in order to overcome sovereign immunity . . . plaintiffs must do more than allege that the defendants' conduct was in excess of their statutory authority; they must also allege or otherwise establish facts that reasonable support those allegations." Shay v. Rossi, 253 Conn. 134, 174, 749 A.2d 1147 (2000). Smith has not met this burden. Neither her complaint nor the affidavit she has submitted to the court set forth facts that reasonably support her conclusory allegations of recklessness and malice. The motion to dismiss must consequently be granted as to counts Seven and Eight.
V. CONCLUSION.
For the reasons stated above, the motion to dismiss is granted as to Counts Two, Four, Seven, and Eight. (As mentioned, the motion directed to Count Four is unopposed.) The motion is denied with respect to Counts Three and Five. The motion does not attack Counts One and Six, and those counts are not addressed here.
Jon C. Blue CT Page 13474 Judge of the Superior Court